OPINION
Defendant-appellant, Dennis Douglas Maloney, appeals a sentence by the Clermont County Court of Common Pleas for driving while under the influence of alcohol ("DUI"), a fourth degree felony. Because the sentence imposed was not authorized under Ohio law, we modify the sentence of the trial court accordingly.
Appellant was indicted on two counts of DUI in violation of R.C. 4511.19(A)(1) and 4511.19(A)(3) on July 2, 1997. While awaiting a jury trial in Clermont County for the DUI charges, appellant committed the felony of fleeing and eluding in Warren County, for which he was convicted and sentenced to one year in prison. Thereafter, a jury found appellant guilty of both counts of DUI. On December 14, 1998, the trial court sentenced appellant to twelve months in the Clermont County Jail, to be served consecutively to the fleeing and eluding sentence. The trial court's findings included the following:
 1. Consecutive sentences are necessary to protect the public from future crimes or to punish the Defendant; and are not disproportionate to the seriousness of the Defendant's conduct and disproportionate to the danger that the Defendant poses to the public;
 2. The Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the Defendant.
 3. The Defendant committed the multiple offenses while the Defendant was under a community sanction and awaiting trial.
The trial court also ordered that appellant's sentence not be reduced upon recommendation of the sheriff for work completed pursuant to R.C. 2947.151 or for any other reason. Appellant appealed, raising the following assignment of error:
 THE TRIAL COURT ERRED BY SENTENCING THE APPELLANT, A FIRST TIME FOURTH DEGREE FELONY OMVI OFFENDER, TO SERVE A TWELVE MONTH JAIL TERM CONSECUTIVE TO A PRISON TERM.
Appellant argues that he should not have been sentenced to a twelve-month jail term consecutive to a prison term. Appellant contends that Senate Bill 2 (specifically, R.C. 2929.14[E][3]) does not authorize a court to order a jail term to be served consecutively to a prison term.
A sentencing court is vested with broad discretion in imposing a sentence. An appellate court may not increase, reduce, or otherwise modify a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. R.C.2953.08(G)(1)(a) and (d); State v. Garcia (1998), 126 Ohio App.3d 485,487. Clear and convincing evidence has been defined as that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Id., citing Cincinnati Bar Assoc. v. Massengale
(1991), 58 Ohio St.3d 121, 122. A court's sentence must be true to the purposes of felony sentencing: "to protect the public from future crime by the offender and others and to punish the offender." R.C. 2929.11(A).
Our review of this case requires a close examination of Senate Bill 2, especially the following sections: R.C. 2929.13
("Guidance by degree of felony"); 2929.16 ("Residential sanctions"); 2929.41 ("Multiple sentences"); 2929.14 ("Basic prison terms"); 2929.01 ("Definitions"); and 2957.151 ("Reduction of jail sentence"). In this case, appellant was sentenced for DUI in violation of 4511.19(A),[1] a felony of the fourth degree. Because this was appellant's first felony DUI, the trial court sentenced him to a mandatory term of local incarceration pursuant to R.C. 2929.13(G)(1). The trial court sentenced appellant to twelve months in the Clermont County Jail, the maximum term provided for by R.C. 2929.16(A)(3). Moreover, the trial court ordered that appellant's jail term would be served consecutively to appellant's fleeing and eluding prison sentence, which appellant was serving at the time of sentencing.[2]
This court has previously noted that Senate Bill 2 does not specifically address consecutive sentencing for offenses committed in different jurisdictions. See State v. Kent (June 14, 1999), Warren App. Nos. CA98-08-094, CA98-10-140, and CA98-12-152, unreported. However, we have stated that in harmonizing R.C.2929.41 (on multiple sentences), as amended and R.C. 2929.14(E) (on consecutive sentencing for felonies), R.C. 2953.08 (on provisions for sentence appeals under Senate Bill 2) controls.Id. Under R.C. 2953.08(A)(4), an appellant may appeal as a matter of right if the sentence is contrary to law. In this case, appellant argues that his sentence is contrary to law.
Multiple sentences are addressed in R.C. 2929.41. The general rule under Senate Bill 2 is that multiple sentences are to be served concurrently. R.C. 2929.41(A). However, consecutive sentences may be imposed if a trial court makes the findings required by R.C. 2929.14(E). The sentencing court found R.C.2929.14(E)(4)[3] to be applicable to this case. R.C.2929.14(E)(4) states the following:
 If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. (Emphasis added.)
The trial court judge made the findings required by R.C.2929.14(E)(4) for imposing consecutive sentences. However, we find it significant that R.C 2929.14(E)(4) begins with the phrase, "If multiple prison terms are imposed." (Emphasis added.)
R.C. 2929.01 defines key terms used in Chapter 29 of the Revised Code. R.C. 2929.01(CC) defines "prison" as "a residential facility used for the confinement of convicted felony offenders that is under the control of the department of rehabilitation and correction but does not include a violation sanction center * * *". R.C. 2929.01(V) defines "jail" as "a jail, workhouse, minimum security jail, or other residential facility used for the confinement of alleged or convicted offenders that is operated by a political subdivision or a combination of political subdivisions of this state." Therefore, for purposes of interpreting Chapter 29 of the Revised Code, "jail" and "prison" are distinct terms that are not interchangeable.
Moreover, 2929.13(G)(1), which imposes a mandatory sixty-day term of local incarceration upon first-time felony DUI offenders, specifically states the following:
 The court shall not sentence the offender to a prison term and shall not specify that the offender is to serve the mandatory term of local incarceration in prison. A mandatory term of local incarceration imposed under division (G)(1) of this section is not subject to extension under section 2967.11 of the Revised Code, to a period of post-release control under section 2967.18
of the Revised Code, or to any other Revised Code provision that pertains to a prison term.[4]
(Emphasis added.)
Absent ambiguity, a court must give effect to the plain meaning of a statute. State ex rel. Pennington v. Gundler (1996),75 Ohio St.3d 171, 173, citing State v. Waddell (1995), 71 Ohio St.3d 630,631. A plain reading of R.C. 2929.14(E)(4), which addresses consecutive sentencing when there are "multiple prison terms" in conjunction with R.C. 2929.13(G)(1), which prohibits a court to impose a "prison term" on a first-time DUI felony offender, leads to the conclusion that the jail term of a first-time DUI felony offender cannot be imposed consecutively to a prison term under R.C 2929.14(E)(4).
The sentencing discretion of a trial court in a criminal case is limited and circumscribed by parameters imposed by the legislature. See State v. Bearsley (1984), 14 Ohio St.3d 74. It was not within the trial court's discretion to run appellant's jail incarceration for his first felony DUI consecutively to his prison term for fleeing and eluding. Therefore, appellant's sentence must be modified in accordance with the law.
Appellant also argues that it was error for the trial court to order that appellant's sentence not be reduced upon recommendation of the sheriff for work completed pursuant to R.C.2947.151 or for any other reason. Appellant contends that the trial court may order that a fourth degree felony OMVI (driving while intoxicated) offender is ineligible for early release only during the initial sixty-day mandatory term of local incarceration.
R.C. 2947.151 allows a sheriff in charge of a county jail, upon consideration of the work done by an inmate, to reduce an inmate's sentence by a specified number of days. R.C. 2947.151
states that "[t]he reduction of the inmate's sentence shall become effective only upon the written concurrence of the presiding or sentencing judge or magistrate of the court where the sentence was imposed." Although the trial court may, in its discretion, deny the reduction of an inmate's sentence under R.C. 2947.151, we find that this discretion cannot be exercised prior to the performance of the work.
The trial court judge prematurely ordered that the sheriff could not reduce appellant's sentence under any circumstances. However, appellant was sentenced in accordance with R.C.2929.13(G)(1), which provides that "* * * the court shall impose upon the offender a mandatory term of local incarceration of sixty days as specified in division (A)(4) of section 4511.99 of the Revised Code and shall not reduce the term pursuant to section2929.20, 2967.193 [2967.19.3], or any other provision of the Revised Code." Therefore, the judgment should be modified to say that during appellant's mandatory sixty-day term, his sentence cannot be reduced for any reason, including a reduction made pursuant to R.C. 2947.151. After the sixty-day mandatory term has been served, the trial court may choose to allow or disallow any reduction of sentence recommended by the sheriff.
For the reasons discussed above, we modify appellant's sentence. Appellant is to serve twelve months in the Clermont County Jail for felony DUI, to be served concurrently to his prison term for fleeing and eluding. Moreover, the sentence shall be amended to state that the mandatory sixty days begins to run when appellant is delivered to the Clermont County Jail, and during the mandatory sixty days of appellant's jail term, his sentence shall not be reduced for any reason, including a reduction made pursuant to R.C. 2947.151.
Judgment affirmed as modified.
POWELL, P.J., and WALSH, J., concur.
[1] Appellant was convicted of both R.C. 4511.19(A)(1) and4511.19(A)(3), and the trial court merged these offenses for purposes of sentencing.
[2] According to the state's brief, at the time of his DUI sentencing, appellant had approximately three months of his fleeing and eluding sentence left to serve.
[3] The trial court actually followed R.C. 2929.14(E)(3), which, since the time of appellant's sentencing has been renamed R.C. 2929.14(E)(4). Because the wording of this section remained unchanged, we will refer to this section as R.C. 2929.14(E)(4), (the current version), throughout our discussion.
[4] The legislature's intent that a first-time offender of a felony DUI shall not serve a prison term is reiterated in R.C.2929.14. R.C. 2929.14(A) states that "[I]f the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter andis not prohibited by division (G)(1) of section 2929.13 of theRevised Code from imposing a prison term on the offender, the court shall impose a definite prison term that shall be one of the following * * *." (Emphasis added.)